```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN
```

**DESHAUNE HARRIGAN,**            )  D.C. CV. No. 2008-136
        Petitioner,       )
                          )  Ref.: D.C. CR. NO. 2000-599
        v.                )
                          )
**EVERETT HANSEN, WARDEN VI BUREAU** )
**OF CORRECTIONS; D.B. DREW, COLEMAN** )
**FCC COMPLEX WARDEN; MARY MITCHELL,** )
**COLEMAN FCC LOW WARDEN,**         )
        Respondents.      )
_____ )

## O R D E R

**THIS MATTER** initially came before the Court on Deshaune Harrigan's ("Harrigan") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his parole eligibility date was being improperly calculated; that he was not being credited with the applicable good time credits; and that he would like to serve the remainder of his local sentence in the Virgin Islands. The Government moved to dismiss Harrigan's § 2241 petition for lack of jurisdiction because he is not in custody in the District of the Virgin Islands.[1] Harrigan replied that as a

---

[1] Petitions under 28 U.S.C. § 2241 should be filed in the district where the prisoner is confined. *United States v. Kennedy*, 851 F.2d 689, 690 (3d Cir. 1988); *United States v. Jack*, 774 F.2d 605, 607 n.1 (3d Cir. 1985). A habeas petition is within a court's jurisdiction when the court has jurisdiction over the petitioner's immediate custodian. *Padilla v. Rumsfeld*, 542 U.S. 426, 442-443 (2004); *see also Yi v. Maugans*, 24 F.3d 500, 503 (3d Cir. 1994) (finding that "[a] district court's habeas jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district."); *Parris v. Chavez*, 199 Fed. App'x. 198, 199 (3d Cir. 2006) (noting that a district court's dismissal without prejudice for lack of jurisdiction is proper when a § 2241 is filed in a judicial district that does not have jurisdiction over petitioner's custodian).

*Harrigan v. Hansen, et al.*
D.C. CV. NO. 2008-136
Order
Page 2

"state boarder"[2] from the Virgin Islands, and not a "federal prisoner" he is under the constructive custody of the warden of Virgin Islands Bureau of Corrections.

In its March 30, 2011 Order, the Court found:

> There is no question that Harrigan's immediate custodian is the Warden at FCC Coleman, and the Court recognizes that the Federal Bureau of Prisons ("BOP") is "solely responsible for calculating federal terms of imprisonment." (Legal Resource Guide to the Federal Bureau of Prisons 2008 at 12.) However, it appears that the issue here centers more on *who* is responsible for calculating Harrigan's local sentence (along with eligibility for parole and "good time" credits), than *how* his sentence is computed or executed. Therefore, the court construes Harrigan's motion not as one pursuant to 28 U.S.C. § 2241, but rather as a motion seeking clarification given his "state boarder" status.

(Order of Mar. 30, 2011 at 4.) The Court instructed the Government to file any objections to Harrigan's March 17, 2011 Sentence Data Record prepared by the Virgin Islands Bureau of Corrections ("VIBOC"). To date, the Government has not objected to the VIBOC's Sentence Data Record.

Accordingly, it is hereby

**ORDERED** that Harrigan's petition pursuant to § 2241 which the Court construes as a motion for clarification is **GRANTED in part**[3] to allow for the calculation of his parole eligibility date and

---

[2] A "state boarder" is a prisoner serving a state sentence in a federal institution under a contract between state and federal governments. See Taylor v. Armstrong, 38 Fed. App'x 337, 338 (7th Cir. 2002).

[3] In its March 30, 2011 Order, the Court denied Harrigan's request to serve the remainder of his local sentence in the Virgin Islands.

*Harrigan v. Hansen, et al.*
D.C. CV. NO. 2008-136
Order
Page 3

applicable good time credits; and further

**ORDERED** that the Government's motion to dismiss for lack of jurisdiction is **DENIED**; and further

**ORDERED** that Harrigan's motion to show cause and expedite is **DENIED** as moot; and further

**ORDERED** that the Virgin Islands Bureau of Corrections shall immediately transmit Harrigan's current Sentence Data Record to FCI Coleman Low; and finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this <u>22</u> day of June 2011.

**E N T E R:**

/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**

**Copies to:**
    Ruth Miller, Magistrate Judge
    Jason Cohen, AUSA
    Deshaune R. Harrigan #06038-094, Federal Correctional Institution, Coleman Low, P.O. Box 1031, Coleman, FL 33521-1031 (Please Mark: "LEGAL MAIL")
    Virgin Islands Bureau of Corrections, Classifications Dept. (Attn: S. Dewese, E. Smithen)
    FCI Coleman Low, P.O. Box 1021, Coleman, FL 33521-1021 (Attn: Mr. Ebey, Case Manager)